**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAGJEET SINGH GILL, | No. 08-72277 |
| Petitioner, | Agency No. A099-344-291 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011**

Before: SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Jagjeet Singh Gill, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence, *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997), and we deny the petition for review.

Gill testified police searched for him because of their belief that he could become politically active like his father, their belief that Gill had connections to militants, their desire to take revenge for his father's past political activities, and an investigation regarding a convict who escaped from jail. Substantial evidence supports the agency's finding that Gill failed to establish that a protected ground was one central reason for the police's interest in him. *See id.* at 1490-91; *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he REAL ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Accordingly, Gill's asylum and withholding of removal claims fail. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1045 (9th Cir. 2004).

Substantial evidence also supports the agency's denial of CAT relief because Gill failed to establish it is more likely than not that he will be tortured if returned to India. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

2                                                                         08-72277